[No. 29706. Department One. November 15, 1945.]

*In the Matter of the Application of* ALBERT BEHRENS *for a Writ of Habeas Corpus.*[1]

[1]Reported in 163 P. (2d) 587.

*H. E. Foster,* for appellant.

*The Attorney General* and *Rudolph Naccarato, Assistant,* for respondent.

Steinert, J.—This is an appeal from an order denying a petition for a writ of *habeas corpus* wherein the petitioner sought to obtain his release from confinement in the Washington state penitentiary. The records of this court show that on two former occasions proceedings were brought by the same petitioner to obtain the relief here sought, and that both of such applications were denied by this court.

In the instant case, appellant, Albert Behrens, as petitioner, instituted the proceedings originally in this court by filing therein an application for such writ. His petition alleged that since June, 1938, he has been unlawfully imprisoned in the state penitentiary, without legal warrant or authority, but solely by virtue of an invalid judgment which ordered that he be sentenced for a term to be fixed by a sentencing agency which did not then exist and for a duration not authorized by law; and that his imprisonment is in violation of the constitution and laws of the state of Washington, and is in all respects illegal and void. Attached to the petition, and by reference made a part thereof, was a copy of the judgment.

Upon presentation of the petition, the chief justice of this court assigned the matter for hearing before the superior court for Pierce county.

In response to the petition, the superintendent of the state penitentiary filed his answer and return, denying the several allegations of the petition and alleging affirmatively that on January 24, 1938, the appellant petitioner was, by information filed in the superior court for King county, charged, in count one of the information, with the crime of carnal knowledge, in count two with the crime of taking indecent liberties, and in count three with the crime of contributing to the delinquency of a minor; that thereafter appellant was sentenced to confinement in the penitentiary for a term of "not more than life" on count one, and for a term of not more than twenty years on count two; that pursuant to such judgment and sentence a warrant of commitment was duly executed; and that appellant is being held in custody by virtue of such judgment, sentence, and commitment.

The return makes reference to, and adopts as a part thereof, an alleged information containing three counts, charging appellant with the crimes of carnal knowledge, taking indecent liberties, and contributing to the delinquency of a minor, respectively. However, the only information contained in the record before us sets up but one count, charging the appellant with the crime of carnal knowledge, in that on or about the 24th day of January, 1937, and on divers dates continuously thereafter, to and including the 24th day of January, 1938, he wilfully, unlawfully, and feloniously did carnally know and abuse a named female child, not his wife, under the age of eighteen years, to wit, of the age of fourteen years. Presumably an amended information was subsequently prepared and served, but, so far as the record in this particular proceeding discloses, was never filed.

The judgment, referred to in appellant's petition, entered June 11, 1938, recited that the defendant named in the judgment, on coming into court, with his counsel, was by the court duly informed of the nature of the amended informa-

tion against him for the crimes therein charged, of his plea of not guilty, and of the trial and verdict of guilty on each count, and was then and there asked whether he had any legal cause to show why judgment should not be pronounced against him, to which he replied that he had none. The judgment by its terms then declared the defendant guilty of each of the three crimes charged in the amended information, imposed the sentences set forth above with respect to counts one and two, and also a sentence on count three, of confinement for one day in the county jail, such terms to run concurrently; and ordered that the defendant be delivered into the custody of the proper officers to be transported to the penitentiary.

In response to the return thus made by the superintendent, appellant herein demurred thereto on the ground that the return was in no respect sufficient in law, and at the same time moved for judgment in the cause for the reason that the return tendered no issue as to the allegations of the petition.

The matter then came on for trial and hearing before the superior court for Pierce county on the pleadings above set forth, and the court, after considering the matter and rendering a written decision thereon, later entered a formal order denying the petition for release from confinement upon count one (carnal knowledge) referred to in the judgment, but directing that appellant be released from such confinement upon counts two (taking indecent liberties) and three (contributing to the delinquency of a minor), as also designated in the judgment. The reason given by the court, in its memorandum decision, for releasing the appellant upon counts two and three was that, since the record before it did not contain a certified copy of the amended information, the court was compelled to assume that the amended information was never filed.

This appeal is from that portion of the formal order which denied appellant's application for release from confinement under count one. The superintendent did not appeal from the remainder of the order, and hence we are

not called upon to decide whether or not the court erred in that respect.

In his assignments of error, appellant avers that the court erred (1) in denying his motion for judgment and in overruling his demurrer to the respondent's return; (2) in denying his petition and refusing to issue a writ of *habeas corpus* for his discharge; and (3) in refusing to hold that the appellant was detained by virtue of a judgment which the sentencing judge had no authority to enter.

Under these assignments, appellant contends in his brief (1) that the answer and return of the respondent fails to show a right to detain the appellant; (2) that the judgment has no proper foundation; (3) that the sentencing court was without authority to direct the parole board, then a nonexistent agency, to fix the term of imprisonment; (4) that the judgment is *ex post facto*; and (5) that the judgment is void because it is founded upon an amended information which was never filed. In his oral argument, appellant also contended that the judgment is defective, in that it does not recite that the crime of carnal knowledge was committed by an *adult* male person.

Upon his contention designated (1) above, appellant advances no argument, but contents himself with the bare statement that

"The answer contains two exhibits—the information and the judgment of commitment. These exhibits control the recitals or conclusions of the answer. The answer—the exhibits which are a part, shows the detention unlawful; that the judgment was void."

Assuming that the recitals in the answer, or return, are controlled by the exhibits referred to therein, we do not agree with the conclusion drawn by the appellant. The information properly charges the commission of an offense punishable by Rem. Rev. Stat., § 2436 [P. C. § 9108], and the judgment *on its face* is regular and valid, and shows the legal authority under which the appellant is detained in prison.

Upon his next contention, designated (2) above, appellant merely states "no proper foundation for it [the judg-

ment]" and advances no argument other than what is made upon the other questions raised by him. We therefore will treat that contention simply as part of those which follow.

The next contention, designated (3) above, questions the authority of the sentencing court to direct the "parole board," an administrative agency no longer in existence, to fix the term of imprisonment. This contention is definitely and sufficiently disposed of by what we said with respect to an identical contention, in the case of *In re Clark, ante* p. 105.

The next contention, designated (4) above, is that the judgment is *ex post facto.* That subject was considered at some length in the case of *In re Rice, ante* p. 118, and was decided contrary to appellant's contention herein. However, in view of the fact that, in the present case, the sentence for the offense of carnal knowledge was for a term of "not more than life," whereas in the *Rice* case, *supra,* the sentence for a similar offense was for a term of "not more than twenty years," we shall consider the matter somewhat further.

In this case, the information charged the appellant with the crime of carnal knowledge committed "on or about the 24th day of January, 1937, and on divers days and dates continuously thereafter, to, and including, the 24th day of January, 1938."

Prior to June 9, 1937, the applicable statute then in force was Rem. Rev. Stat., § 2436 (Laws of 1919, chapter 132, p. 368), which provided:

"Every male person who shall carnally know and abuse any female child under the age of eighteen years, not his wife, . . . shall be punished as follows: . . .

"(2) When such child is ten and *under fifteen years of age,* by imprisonment in the state penitentiary for *not less than five years;* . . ." (Italics ours.)

In 1937 the legislature amended that section of the statute by enacting chapter 74, p. 321, Laws of 1937 (Rem. Rev. Stat. (Sup.), § 2436 [P. C. § 9108]), effective June 9, 1937, which was approximately a year prior to the entry of judgment in the criminal cause involved here. The later

statute provided that every *adult* male who shall carnally know and abuse any female child under the age of eighteen years, not his wife, shall be punished by imprisonment as follows:

"(1) When such an act is committed upon a child under the age of *fifteen years,* imprisonment in the state penitentiary *for life.*" (Italics ours.)

While not material here, this section was amended by Rem. Supp. 1943, § 2436 [P. P. C. § 118-183].

It will thus be seen that under the earlier statute the penalty for the offense committed upon a child under fifteen years of age was a *minimum* sentence of *five years,* with no maximum term prescribed, while under the later statute the penalty for the same offense was mandatorily fixed at imprisonment *for life.*

In this case, the child upon whom the continuing acts were committed was *fourteen* years of age. So, if any of such continuing acts occurred subsequent to June 9, 1937, the later statute would apply as to such acts and appellant would be subject to a sentence of imprisonment for life. If, on the other hand, any of such acts were committed prior to that date, then as to them the earlier act would apply and appellant would be subject to a sentence of imprisonment for a term of *not less* than five years, with no maximum term prescribed.

In 1935, prior to the commission of the offense involved here, the legislature enacted chapter 114, p. 308, Laws of 1935 (Rem. Rev. Stat. (Sup.) § 10249-1 [P. P. C. § 782-1] *et seq.*), providing for the creation of the board of prison terms and paroles, and defining its duties.

Section 2 of that act (Rem. Rev. Stat. (Sup.), § 10249-2 [P. P. C. § 782-5]) provides that when a person is convicted of any felony, except treason, murder in the first degree, carnal knowledge of a child under *ten* years, or of being an habitual criminal within the meaning of the statute which provides for life imprisonment for such habitual criminals, and a new trial is not granted, the court

" . . . shall sentence such person to the penitentiary, . . . and shall fix the maximum term of such person's

sentence *only*. The maximum term to be fixed by the court shall be the maximum provided by law for the crimé of which such person was convicted, *if the law provides for a maximum term;* if the law does *not* provide a maximum term for the crime for which such person was convicted, *the court shall fix such maximum term, which may be for any number of years up to and including life imprisonment: Provided, however,* That in any case where such maximum term is fixed by the court the maximum term shall be fixed at *not less than twenty (20) years."* (All italics ours, except as to the words *"Provided, however".*)

It will be observed that Rem. Rev. Stat., § 2436, as quoted above, did not fix a maximum term, but only a minimum term. Hence, under Rem. Rev. Stat. (Sup.), § 10249-2, the court was required to fix a maximum sentence for a term of years, not less than twenty years, and up to, and including, life imprisonment. That is what the court in effect did when it sentenced the appellant for a term of "not more than life." No doubt the court imposed this extreme penalty because, as the judgment indicates, the offense was repeated "on divers and sundry dates continuously thereafter up to and including the 24th day of January, 1938." In any event, the sentence was given pursuant to, and within the limits of, Rem. Rev. Stat., § 2436, regardless of Rem. Rev. Stat. (Sup.), § 2436. Consequently, there was no *ex post facto* application of the law.

Appellant's next contention, designated (5) above, is that the judgment is void because it is founded upon an *amended* information which was never filed.

It is to be remembered that the criminal action in which appellant was convicted arose, and was tried, in King county and was conducted by the prosecuting attorney for that county; whereas this action, which was a *habeas corpus* proceeding, was referred to, and maintained in, Pierce county, and was conducted for the state by the attorney general. While it is true that it does not appear from the record in this particular proceeding that the *amended* information was ever filed in King county, as it should have been, the failure in such respect is not determinatively established by the record now before us. If

we give the judgment every legal presumption to which it is entitled, it would appear that the amended information *was* filed, for it is not to be supposed that the sentencing court would render a judgment without the proper foundation therefor.

■ Aside from this however, and upon the assumption that the amended information was not filed, the fact remains that the original information was on file, and that that information charged the appellant with the crime of carnal knowledge, of which he was convicted. There is nothing in the record before us showing that the original information was ever withdrawn, and, unless the *amended* information was filed, the *original* information was never displaced. From whatever perspective we view the matter, we are led to the conclusion that the judgment has a proper foundation.

Appellant's final contention is that the judgment is defective because it does not recite that the crime of carnal knowledge was committed by an *adult* male person. That contention is sufficiently covered and disposed of by what was said with reference to a similar contention, in the case of *In re Clark, ante* p. 105, and in the case of *In re Rice, ante* p. 118.

■ This disposes of all the contentions made by appellant. In conclusion, however, we again say, as we did in the *Clark* and *Rice* cases, *supra,* upon the authority of *In re Grieve,* 22 Wn. (2d) 902, 158 P. (2d) 73; *In re Van Wagner, ante* p. 99, and *In re Boggie, ante* p. 102, that proceedings to obtain a writ of *habeas corpus* are not available or permissible to review trial errors, but are limited by law to those cases where it appears that the judgment, including the sentence upon which the petitioner for such writ is held in confinement, is *void upon its face.* This pronouncement is, of itself, a complete and conclusive answer to all of appellant's contentions, for the judgment involved in this case does not show upon its face, nor when read in connection with any applicable statute, that it is void.

The order denying the petition for a writ of *habeas corpus* is affirmed.

BEALS, C. J., MILLARD, SIMPSON, AND MALLERY, JJ., concur.