[Nos. 29994-29995. Department One. September 26, 1946.]

*In the Matter of the Application of* PAUL R. BAILLEAUX *et al.,
for a Writ of Habeas Corpus.*[1]

*H. E. Foster,* for appellant.

*The Attorney General, Rudolph Naccarato,* and *Lucile Lomen, Assistants,* for respondent.

MILLARD, J.—Paul R. Bailleaux and Ralph M. Hicks each filed a petition in this court for a writ of *habeas corpus*

[1]Reported in 173 P. (2d) 122.

seeking his discharge from the custody of the superintendent of the Washington state penitentiary. The petitions were referred to the superior court for King county where hearing was had thereon as one cause. The court entered an order sustaining demurrer to the petitions, from which order the petitioners have appealed to this court.

The record discloses that the respondent superintendent holds each petitioner in custody by virtue of judgment and sentence, and a commitment issued pursuant thereto by a judge of the superior court of the state of Washington for King county.

In each case the judgment, sentence, and commitment recite that petitioner, represented by counsel, came into open court for pronouncement of judgment and sentence; that petitioner was duly informed by the court of the nature of the information found against him for the crime of robbery, counts Nos. 1 and 2, and dismissal of count No. 2; and

". . . that whereas the said defendant having been duly pleaded guilty in this court of the crime of count I, robbery, it is therefore ordered, adjudged and decreed that the said defendant is guilty of the crime of count I, robbery and that he be punished by confinement at hard labor in the Penitentiary of the State of Washington for a maximum term of not more than Twenty (20) years and a minimum term to be fixed by the Board of Prison, Terms and Paroles."

 Counsel for appellants contends that the judgment is void because predicated upon a void information. Such challenge to the sufficiency of an information cannot be sustained, as trial errors cannot be reviewed or informations tested by a writ of *habeas corpus. In re Grieve,* 22 Wn. (2d) 902, 158 P. (2d) 73; *In re Boggie,* 24 Wn. (2d) 102, 163 P. (2d) 575; *In re Behrens,* 24 Wn. (2d) 125, 163 P. (2d) 587. It would be necessary to prove the invalidity of the information to go behind the judgment which is fair on its face, which this court may not do. *In re Grieve, supra; In re Rice,* 24 Wn. (2d) 118, 163 P. (2d) 583.

 The argument that robbery is not properly charged in an information unless the value of the property taken is

fully pleaded, is without merit. The value of the property taken is not in this state an element of the crime of robbery. The gravamen of the crime of robbery under our statute is the unlawful taking of personal property from the person of another, or in his presence, against his will, by means of force or violence, or fear of injury to the victim's person or property, or the person or property of a member of the victim's family, or of anyone in the victim's company at the time of the robbery. Rem. Rev. Stat., § 2418 [P.P.C. § 118-201].

■■ The argument of counsel for appellants that the judgment in each case is void for uncertainty because the judgment does not contain a recital as to the property taken or the value of such property, is likewise without merit. The judgment in each case recites that the defendant (appellant) was informed of the nature of the information found against him; that the second count of the two counts in the information was dismissed; that defendant (appellant) pleaded guilty to the first count and that, therefore, he was adjudged "guilty of the crime of count I, robbery." If the judgment is read as a whole and in connection with the record of the cause in which it was entered—it must be so read—and when so read it is not indefinite or uncertain, it is neither void nor voidable. *In re Clark,* 24 Wn. (2d) 105, 107, 163 P. (2d) 577.

In each case the judgment and sentence are fair on their face, hence the trial court was correct in denying the petitions for a writ of *habeas corpus.*

The orders are affirmed.

BEALS, C. J., ROBINSON, JEFFERS, and SCHWELLENBACH, JJ., concur.