[No. 30418.   Department Two.   March 4, 1948.]

THE STATE OF WASHINGTON, *Respondent*, v. LESTER G. WILLIAMS, *Appellant.*[1]

*Earl W. Husted* and *Max Kosher,* for appellant.

*Phillip Sheridan, C. P. Brownlee,* and *Harold J. Hall,* for respondent.

STEINERT, J.—This is an appeal from an order denying a petition for a writ of *coram nobis,* whereby the petitioner sought to have the trial court set aside and hold for naught

[1]Reported in 190 P. (2d) 734.

a judgment previously entered by that court convicting petitioner of the crime of murder in the first degree and sentencing him to life imprisonment.

The facts as shown by the record are the following: On October 10, 1941, an information was filed by the prosecuting attorney for Snohomish county charging appellant, Lester G. Williams, in count No. 1, with the crime of murder in the first degree, alleged to have been committed on October 7th of that year, and, in count No. 2, with the crime of assault in the second degree, alleged to have been committed on that same day.

On October 14, 1941, when the cause came on for arraignment, appellant, having no funds, requested the court to appoint a certain attorney to act as his counsel. The court granted the request and made the appointment. On the following day, appellant appeared in court with his counsel and entered a plea of not guilty as to each count. The cause was set for trial, and at appellant's request a separate trial on each count was granted by the court.

On November 4, 1941, the charge under count No. 1 was tried before a jury, with the Honorable Charles R. Denney presiding as judge. The jury rendered its verdict finding appellant guilty of murder in the first degree. At the request of the appellant, the jury was polled, and each juror answered "My Verdict." A few days thereafter, appellant appeared in court with his counsel and withdrew his plea of not guilty on the second count and entered, in its stead, a plea of guilty as to that count. Thereupon Judge Denney signed and entered the judgment of conviction, sentence, and commitment, which appellant now seeks to have set aside to the extent of his conviction on the charge of murder in the first degree.

The judgment, in so far as is material here, recited:

"On this 14th day of November, 1941, comes Leslie R. Cooper, as Prosecuting Attorney for the County of Snohomish, State of Washington, and the defendant [appellant] Lester G. Williams is brought before this Court with his counsel, D. D. Kennedy;

"And it appearing *by the verdict of guilty of record herein*

that the defendant is guilty of the crime of Murder in the first degree;

"And the said defendant being by the Court asked if there is any legal cause to show why the judgment of this Court should not be pronounced and the sentence of the law imposed, and no cause being shown;

"Now, THEREFORE, IT IS HEREBY CONSIDERED, ORDERED AND ADJUDGED by this Court that the defendant is guilty of the crime of Murder in the first degree and, *pursuant to the mandatory provisions of the statutes of the State of Washington, that the defendant be punished therefor by imprisonment in the State Penitentiary for the State of Washington at Walla Walla, in the County of Walla Walla in said State, at hard labor for the balance of his natural life.*" (Italics ours.)

The judgment further sentenced appellant to the penitentiary for the maximum period of ten years for the crime of second-degree assault, the two sentences to run concurrently.

The appellant in open court gave oral notice of appeal to this court, but the appeal was never perfected. He was thereafter committed to the penitentiary and has been held there in custody ever since.

On July 23, 1947, almost six years after his conviction, sentence, and commitment, appellant filed in this same cause his petition for a writ of *coram nobis*, praying that the judgment and sentence above referred to be set aside and held for naught. The petition, after referring to and identifying the judgment, recited:

"That said judgment and sentence shows only on its face that defendant [appellant] was guilty of murder in the first degree, and does not show that defendant was ever granted a trial by jury, or that a duly impaneled jury ever found him guilty of the crime of murder in the first degree as required by the laws of the State of Washington.

"That had the Honorable Charles R. Den*ny*, Judge, known at the time he signed said judgment and sentence that said judgment and sentence did not show on its face that same did not state that defendant had been tried by a jury he would not have signed the same."

The matter having come on duly and regularly for hearing before Judge Denney, on August 15, 1947, on appellant's

petition, the court entered its order denying the writ, upon two grounds: (1) That an examination of the files in the case disclosed that the judgment, including the sentence, specifically refers to the "VERDICT" and that the record of the verdict in the cause showed that appellant was granted a trial by jury and that a duly impaneled jury found him guilty of the crime of murder in the first degree; and (2) that the form of the judgment of conviction and sentence in the cause was sufficient and in accordance with the holdings of this court.

From the order denying the writ, this appeal was taken. Under his assignments of error, appellant contends that the trial court erred (1) in denying him a correction of the judgment; (2) in looking beyond the final judgment to determine that appellant had been tried and convicted by a jury; and (3) in holding that the alleged error in the judgment did not render it sufficiently erroneous to require its correction.

Appellant does not contend that he is entitled to be released from custody, but only that the judgment should be corrected so as to show that he is serving a life sentence under a valid judgment.

The sole question here involved is whether the form of judgment hereinabove referred to, and from which quotation has been made, constitutes a valid judgment.

We do not agree with appellant's contention, as claimed in his petition for the writ, that the judgment of conviction and sentence does not show that he was ever granted a trial by jury or that a duly impaneled jury ever found him guilty of the crime of murder in the first degree. Reference to the judgment as quoted above reveals, as recited therein, that it was then made to appear to the court "by the verdict of guilty of record herein that the defendant [appellant] is guilty of the crime of murder in the first degree."

If there was a verdict in this case, as the judgment recites, it could have been rendered only by a jury.

A verdict is the decision made by a jury, and reported to the court, on matters lawfully submitted to the jury in the

course of the trial of a cause. 3 Bouvier's Law Dictionary (Rawle's 3d Review) 3392; Ballentine Law Dictionary, 1334; 44 Words & Phrases (Perm. ed.) 128 *et seq.*

When, therefore, the judgment in this instance spoke of a verdict of record in the cause, it could only have meant a verdict rendered by a jury.

Under the statutes of this state and the decisions of this court, no person informed against or indicted for a crime shall be convicted thereof except by admitting the truth of the charge in his plea, by confession in open court, or by the verdict of a jury, accepted and recorded by the court. Rem. Rev. Stat., § 2309 [P.P.C. § 112-9]; *State v. Karsunky*, 197 Wash. 87, 84 P. (2d) 390; *State v. McCaw*, 198 Wash. 345, 88 P. (2d) 444.

The appellant having pleaded not guilty to the charge of murder in the first degree, the cause could only be tried by a jury. The method by which the jury indicates its decision upon the matter submitted to it is by rendering its verdict, and the return of a verdict in a case indicates that the cause was tried by a jury.

In the absence of any proof to the contrary, it will be conclusively presumed that the jury which tried the cause was duly impaneled. Appellant does not contend nor assert that there was in fact no trial by a duly impaneled jury, but only that the judgment does not explicitly state that fact. We are satisfied that the judgment in this case sufficiently shows that the cause was duly tried by a jury.

There is another ground, equally tenable, upon which our decision may be rested, as was that of the trial court. Upon an examination of the entire record in the cause, the trial court ascertained, as the files of the case revealed, that appellant was granted a trial by jury and that a duly impaneled jury had found him guilty of murder in the first degree. In other words, the trial court, in determining the sufficiency of the judgment, considered in connection therewith the record of the cause. It may be noted, also, that the trial judge who heard the instant petition is the judge who tried the original criminal cause. He therefore not only had the full benefit of what the record actually

revealed, but also was able to confirm that record by his own personal knowledge.

In determining whether a judgment is sufficient in form and substance, the court will read it as a whole, in connection with the record of the cause in which it is entered and in the light of the applicable statutes, and if, when so read, the judgment is not indefinite nor uncertain, it will be held to be valid. *In re Clark*, 24 Wn. (2d) 105, 163 P. (2d) 577.

In the case just cited, we said:

"It is generally held that in criminal actions the judgment is sufficient if it contains a clear and concise statement of the names of the parties, the character of the offense, the verdict, the sentence given thereon, and the penalty imposed, without setting out all the facts constituting the record. 24 C. J. S. 130, Criminal Law, § 1600.

". . . The judgment must be read as a whole and in connection with the record of the cause in which it is entered, and if, when so read, it is not indefinite or uncertain, it is neither void nor voidable. *State v. Moser*, 94 Wash. 465, 162 Pac. 582; *State v. Schluter*, 109 Wash. 78, 186 Pac. 267; *State v. Scofield*, 129 Wash. 295, 224 Pac. 941. Reading the judgment in the light of the statute and of the record, as submitted to us, we find it to be correct, accurate, and easily understandable. . . .

"A judgment or sentence need not state all the elements or particulars of the offense charged, nor need the crime be designated technically and in detail. *In re Boggie, ante* p. 102. The judgment is sufficient if it, alone or in conjunction with the record, affords the defendant ample protection against a second prosecution for the same offense. *Hambrick v. Florida*, 80 Fla. 672, 86 So. 623, 14 A. L. R. 987; 15 Am. Jur. 105, Criminal Law, § 445."

Tested by the rules laid down in the *Clark* case, *supra*, the judgment in the instant case was sufficient in both form and substance.

The order denying the petition is affirmed.

BEALS, MILLARD, and JEFFERS, JJ., concur.

MALLERY, C. J. (concurring in the result)—I concur in the result of the opinion, but I wish to point out that the writ of *coram nobis* has never been held to lie in this state.