James H. MORRISON, Appellant,

v.

Herbert V. WALKER, Appellee.

No. 22011.

United States Court of Appeals
Ninth Circuit.

Dec. 11, 1968.

Rehearing Denied Feb. 5, 1969.

James H. Morrison, in pro. per.

John D. Maharg, County Counsel, Donald K. Byrne, Asst. County Counsel, Los Angeles, Cal., for appellee.

Before BARNES, CARTER and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant herein was tried and convicted of a violation of section 26104(a) of the California Corporations Code (part of the Corporate Securities Law) by appellee in the latter's capacity as a judge of the Superior Court of California in 1957. (Superior Court, Los Angeles case No. 184742.) Appellant filed an appeal from this conviction, which was affirmed by the various appellate tribunals. In the California District Court of Appeal, the appellate tribunal specifically upheld the constitutionality of the provision of the California Corporate Securities Law under which appellant was convicted, and upheld the jurisdiction of the Superior Court to try and convict the appellant. People v. Rankin and Morrison, 169 Cal.App.2d 150, 337 P.2d 182 (1959). Further petition for rehearing in the California Supreme Court was denied on May 20, 1959, and the United States Supreme

Court denied certiorari. 362 U.S. 905, 80 S.Ct. 616, 4 L.Ed.2d 556 (1959). After completion of the appellate process, the state prison sentence was put into effect in 1960, and appellant completed his prison term in 1965.

On May 10, 1966, appellant filed his original complaint in the present case, and in January 1967 appellant filed a Third Amended Complaint seeking declaratory relief under 28 U.S.C. § 2201, and a determination he had been deprived of a civil right as protected by 28 U.S.C. § 1343.

Appellee Walker made a motion to dismiss and motion for summary judgment as to the Third Amended Complaint, pointing out, *inter alia*, that appellee was being sued for his judicial acts, and that, in any event, declaratory relief is not available to determine whether rights heretofore adjudicated were properly adjudicated. This motion was granted, judgment was entered thereon, and appellant prosecutes this appeal from said judgment.

Appellant urges that appellee has no judicial immunity because there was "a clear absence of all jurisdiction over the subject matter."

■ As we understand appellant's argument, it is (1) that he was charged and convicted in the state court action with a violation of section 26104(a) of the Corporations Code of the State of California, *a felony*, while that Code itself does not state, *in section 26104(a)* that a violation thereof is "a felony," and (2) that the discretion granted the judge as to the variety of sentences he may impose, denies appellant equal protection under the fourth amendment.

As to appellant's first point, he is factually correct, but section 26104, in its first paragraph, as written in 1955, and as currently relevant, stated that any person:

"* * * who does any of the following acts [listing (a) to (g), inclusive, of said section 26104] is guilty of a public offense punishable by imprisonment in a state prison not exceed-

ing five years, or in a county jail not exceeding two years, or by a fine not exceeding five-thousand dollars ($5,-000,) or by both such fine and imprisonment."

California Penal Code section 17 defines a felony as "a crime * * * punishable with death or by imprisonment in the state prison."

■■ As to appellant's second point, it has always been part of the discretion granted the trial judge to treat different convicted felons differently, as for example, his right to grant probation or suspend the imposition of sentence until a future time.

As appellee's counsel aptly states:

"Appellant further argues that since section 26104 Corporation Code provides for different alternatives in the way of punishment (fine, jail sentence, prison sentence) that it, therefore, is repugnant to Equal Protection. However, California law has frequently recognized that the judge should be granted certain discretion as to the quantity or type of punishment to be meted out to a criminal offender such as appellant. In fact since 1872, the Penal Code of California has provided in section 654 thereof:

'An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one. * * *'

"In other words so long as a criminal is not punished more than once for the same crime, there is no objection to providing different modes of punishment available to the court in its discretion." (Appellee's Brief, pp. 10–11.)

■ There is no genuine issue over the fact that Judge Walker's only contact with appellant was in the Judge's judicial capacity, because appellant states no facts showing any other nonjudicial contacts. If facts stated in the affidavit of the moving party for sum-

mary judgment are not contradicted by facts stated in the affidavit of the party opposing the motion, they are admitted. (United States District Court, Central District of California (R. 3(g) (3).) That appellant himself admits he is suing Judge Walker for the latter's judicial act is apparent from appellant's statement of the issue on page 6 of his Opening Brief: "Is a judge immune from suit arising out of his judicial acts. \* \* \*"

██ Thus, there being no material issue of fact remaining, it is clear that the trial court was justified in granting the motion for summary judgment.

 The California Superior Court had jurisdiction, or at the very least jurisdiction to determine whether it did or did not have jurisdiction over the charge brought against appellant, and in deciding that issue, that it did have jurisdiction, the judge so deciding was performing a judicial act. The constitutionality of that judicial act has been determined by the law of the case. People v. Rankin and Morrison, supra.

The judgment below is affirmed.