Steve **LUNDGREN**, Plaintiff,

v.

**John W. TURNER, Warden, Utah State Prison,** Defendant.

No. C 235–69.

United States District Court
D. Utah,
Central Division.

Oct. 28, 1969.

Richard L. Bird, Jr., Salt Lake City, Utah, for plaintiff.

Lavoy Taylor, Asst. Atty. Gen., for the State of Utah, for defendant.

## MEMORANDUM DECISION

CHRISTENSEN, District Judge.

Petitioner is confined in the Utah State Prison and seeks a writ of habeas corpus under 28 U.S.C.A. § 2254 (Supp. Pam.1967). He has exhausted his state remedies by petitioning the Utah Supreme Court for a writ which was denied him.

Petitioner's only allegation is that his imprisonment is contrary to the constitution because the state penal statute under which he was convicted and sentenced is unconstitutional both on its face and in its application to him. At that time the state statute read:

INSUFFICIENT FUND CHECKS
—Checks, Drafts, or Orders Against Insufficient Funds—Evidence.

Any person who for himself or as the agent or representative of another or as an officer of a corporation, wilfully, with intent to defraud, makes or draws or utters or delivers any check, or draft or order upon any bank or depositary, or person, or firm or corporation for the payment of money, or wages for labor performed, knowing at the time of such making, drawing, uttering, or delivering that the maker

or drawer or the corporation has not sufficient funds in, or credit with said bank or depositary, or person, or firm, or corporation, for the payment of such checks, draft, or order, in full upon its presentation, although no express representation is made with reference thereto, is *punishable by imprisonment in the county jail for not more than one year, or in the state prison for not more than five years.* (Emphasis added.) ·

\* \* \*.

Law of May 11, 1965, ch. 161 [1965] Utah Laws 586. It is the alternative penalty provision, as emphasized above, which is attacked. Since petitioner's brief points out apparently differing views between the United States district judges in the District of Utah on the constitutionality of this statute, the essentially legal issues presented in this petition have been reviewed in a hearing. *Compare* Melvin Van Arsdale v. John W. Turner, C 218–69 (D.Utah, July 25, 1969) (Christensen, J.; memorandum decision), *with* Glen Harding v. Allen B. Sorensen, Judge, C 37–69 (D. Utah, June 6, 1969) (Ritter, J.; order releasing prisoner).

■ The constitutionality of the alternative penalty provisions must be measured in the context of state decisional law which is controlling on two important points of interpretation. First, any person who is tried and convicted under the statute is guilty of a felony regardless of whether the actual sentence imposed is one year in the county jail or five years in the state penitentiary. This is true because in Utah classification of a crime as a felony turns upon whether the maximum penalty which the trial judge is authorized to impose is imprisonment in the state penitentiary. State v. Scott, 105 Utah 31, 140 P.2d 929 (1943). *See also,* Utah Code Ann. § 76–1–13 (1953). Secondly, the Utah Supreme Court holds that the trial judge has the discretion to choose which of the alternative penalties will be applied to one convicted under the statute:

The offense of issuing a check without sufficient funds to cover it is unusual in that the statute (Sec. 76–20–11, U.C.A.1953, Supp.) *allows the court the choice* of two alternative punishments: a sentence in the county jail for not more than one year, or in the state prison for not more than five years. State v. Alexander, 15 Utah 2d 14, 386 P.2d 411, at 411 (1963). (Emphasis added).

Prosecutorial discretion in this regard would of course present a substantial question of constitutionality as is recognized by the state courts of Utah. State v. Twitchell, 8 Utah 2d 314, 333 P.2d 1075, 1077–1078 (1959) (dictum). *See* Berra v. United States, 351 U.S. 131, 138, 76 S.Ct. 685, 100 L.Ed. 1013 (1956) (dissent of Justice Black); State v. Pirkey, 203 Or. 697, 281 P.2d 698 (1955); Olsen v. Delmore, 48 Wash.2d 545, 295 P.2d 324 (1956). Cases concerning prosecutorial discretion are inapposite, however, because the state's construction to the contrary is consistent with reason in light of the statutory language.

■ By reason of the discretion vested in federal judges by statutes prescribing punishment by imprisonment "not to exceed" a given number of years, they are typically confronted with the choice of sentencing a convicted felon to a term of less than six months in jail or more than a year in prison. The state law of which petitioner complains makes formal a similar choice, and as has been noted above, it is the maximum punishment authorized to be imposed rather than the actual sentence which is imposed that determines whether a crime is a felony or misdemeanor in Utah. Thus, the only distinction between the alternative penalties in the Utah statute is the length and place of confinement. Equal protection of the laws requires only that punishment be applied equally to "any person" in the same or similar circumstances, and a defendant is not deprived of equal protection merely because another person convicted of the same crime might or does receive a lesser sentence (or different mode of pun-

ishment) in the discretion of the sentencing judge. *E. g.,* Howard v. Fleming, 191 U.S. 126, 24 S.Ct. 49, 48 L.Ed. 121 (1903); Sam v. United States, 385 F.2d 213 (10th Cir. 1967).

Other federal courts have had little difficulty sustaining alternative penalty provisions in state statutes that are almost identical in principle to the one in question here. Morrison v. Walker, 404 F.2d 1046 (9th Cir. 1968); Daloia v. Rhay, 252 F.2d 768 (9th Cir. 1958); United States v. Meyers, 143 F.Supp. 1, 16 Alaska 368 (D.Alaska 1956). We similarly find no constitutional problem here.

Petition denied.