421 F.2d 290
 Scott O. ANDRUS, Jr., Petitioner-Appellee,
v.
John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.
Larry L. BRONSON, Petitioner-Appellee,
v.
John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.
Edgar E. ELDREDGE, Petitioner-Appellee,
v.
John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.
Harry L. HANSEN, Petitioner-Appellee,
v.
John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.
James LOGAN, Petitioner-Appellee,
v.
John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.
George Phillip MOORE, Petitioner-Appellee,
v.
John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.
James L. MOWER, Petitioner-Appellee,
v.
John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.
Felix ORNELAS, Petitioner-Appellee,
v.
John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.
Clyde Michael SPRINGER, Petitioner-Appellee,
v.
John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.
Mel STEPHENS, Petitioner-Appellee,
v.
John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.
 No. 556-69.
 No. 558-69.
 Nos. 560-69 to 564-69.
 No. 566-69.
 No. 568-69.
 No. 569-69.
 United States Court of Appeals, Tenth Circuit.
 February 6, 1970.
 
 Richard L. Bird, Jr., Salt Lake City, Utah, for appellees Scott O. Andrus, Jr., Larry L. Bronson, Edgar E. Eldredge and James L. Mower.
 Louis H. Callister, Jr., Salt Lake City, Utah, for appellees Harry L. Hansen and George Phillip Moore.
 Albert R. Bowen, Salt Lake City, Utah, for appellees James Logan, Felix Ornelas, Clyde Michael Springer and Mel Stephens.
 Lauren N. Beasley, Chief Asst. Atty. Gen., State of Utah, Salt Lake City, Utah (Vernon B. Romney, Atty. Gen., on the brief), for appellant.
 Before PICKETT, LEWIS and HICKEY, Circuit Judges.
 PICKETT, Circuit Judge.
 
 
 1
 These habeas corpus cases present identical issues and have been consolidated for disposition on appeal. Each petitioner was convicted and sentenced in the state courts of Utah for violation of the insufficient funds statute of that state, Utah Code Ann., § 76-20-11 (1953) as amended, and was serving the sentence in the Utah Penitentiary when his action was instituted. The trial court held that the sentencing portion of the aforesaid statute violated the due process and equal protection of the laws provisions of the Fourteenth Amendment to the United States Constitution, and ordered the prisoners released forthwith.
 
 
 2
 The facts are not in dispute. The insufficient funds checks issued by the various petitioners ranged in amount from five dollars to over fifty dollars. Each prisoner was sentenced to imprisonment in the state prison for not more than five years regardless of the amount involved in the particular check transaction. The penalty provision of the statute provides that a violation "is punishable by imprisonment in the county jail for not more than one year, or in the state prison for not more than fourteen years." Although the basis for the trial court's judgment is not clear, the court appears to have thought that the statutory penalty provision fixed punishment for crimes which were misdemeanors and also those which were felonies, with no definition of either crime and no standard by which a sentencing judge could determine whether a misdemeanor or a felony had been committed. There was an implication that the statute permitted cruel and unusual punishment. The fallacy of the reasoning in regard to the definition of the offense is that in Utah any offense which "may be punishable * * * by imprisonment in the state prison" is a felony regardless of the sentence imposed. Utah Code Ann., § 76-1-13 (1953). All violations of § 76-20-11 are felonies, even though the sentencing judge may exercise his discretion and sentence the prisoner for a term in the county jail not to exceed one year. State v. Alexander, 15 Utah 2d 14, 386 P.2d 411 (1963); State v. Scott, 105 Utah 31, 140 P.2d 929 (1943). It is not uncommon for criminal statutes to define crimes affecting the property of others as felonies and to fix punishment without regard to the value of the property. For example, in Utah the penalty for any forgery, which includes bank checks, is for a period of not less than one year, nor more than twenty years. Utah Code Ann., § 76-26-4 (1953). The theft of livestock is defined as grand larceny with no reference to the value of the livestock stolen, although generally to constitute grand larceny the value of the property stolen must exceed fifty dollars. Utah Code Ann., § 76-38-4 (1953).
 
 
 3
 The fixing of penalties for criminal acts is a legislative function and ordinarily a sentence will not be disturbed on appeal nor considered as cruel and unusual punishment if it is within the statutory limits. Hall v. United States, 404 F.2d 1365 (10 Cir.1969); Adam v. United States, 266 F.2d 819 (10 Cir. 1959); Moore v. Aderhold, 108 F.2d 729 (10 Cir.1939).
 
 
 4
 The equal protection of the laws within the meaning of the Fourteenth Amendment does not require exact equality. Norvell v. Illinois, 373 U. S. 420, 83 S.Ct. 1366, 10 L.Ed.2d 456 (1963), reh. denied, 375 U.S. 870, 84 S. Ct. 27, 11 L.Ed.2d 99. It is only arbitrary and invidious discrimination that is condemned. Ferguson v. Skrupa, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963). The imposition of a criminal sentence requires the exercise of judicial discretion by the sentencing judge, which includes consideration of all mitigating and aggravating circumstances relevant to the sentencing process. Identical punishment for like crimes is not required by the Fourteenth Amendment. Williams v. Oklahoma, 358 U.S. 576, 585, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959), reh. denied, 359 U.S. 956, 79 S. Ct. 737, 3 L.Ed.2d 763; Williams v. New York, 337 U.S. 241, 169 S.Ct. 1079, 93 L.Ed. 1337 (1949), reh. denied, 337 U.S. 961, 69 S.Ct. 1529, 93 L.Ed. 1760, 338 U.S. 841, 70 S.Ct. 34, 94 L.Ed.2d 514. Broad discretion of the sentencing judge in many jurisdictions includes the power to impose an indeterminate sentence, together with the right to suspend sentence, or to grant probation to offenders in appropriate cases if statutory power exists.[1] The exercise of this discretionary power to impose varying sentences does not deny an accused the equal protection provisions of the Fourteenth Amendment. Morrison v. Walker, 404 F.2d 1046 (9 Cir.1968); Bratton v. Sigler, 235 F.Supp. 448 (D.Neb.1964); 16A C.J.S. Constitutional Law § 564.
 
 
 5
 It is urged that the same sentence for all convicted of issuing insufficient funds checks, regardless of the amount thereof, is an unconstitutional discrimination even though the sentences were within the statutory limits. This is not a denial of equal protection of the laws, nor is it invidious discrimination between those charged with like crimes. "Undue leniency in one case does not transform reasonable punishment in another case to a cruel one." Howard v. Fleming, 191 U.S. 126, 136, 24 S.Ct. 49, 50, 48 L.Ed. 121 (1903). The unambiguous penalty provision of the statute under consideration applies equally to all persons and classes of persons in the State of Utah without discrimination. Every person convicted of violating the statute has an equal chance for lenience and it is not repugnant to the United States Constitution. Morrison v. Walker, supra; Smith v. Rhay, 254 F.2d 306 (9 Cir.1958); Daloia v. Rhay, 252 F.2d 768 (9 Cir.1958), cert. denied, 357 U.S. 940, 78 S.Ct. 1390, 2 L. Ed.2d 1553.
 
 
 6
 The several judgments are reversed and the appellees remanded to the custody of the warden in whose charge they were when released. These mandates shall issue forthwith.
 
 
 
 Notes:
 
 
 [1]
 The Utah statutes empower the sentencing judge to suspend sentence, grant probation or to sentence one convicted of a crime to an indeterminate sentence. Utah Code Ann., §§ 77-35-17 and 77-35-20 (1953)