**Ronald C. TILBE, Plaintiff,**

v.

**ENTITAS FOUNDATION, INC., Defendant.**

**No. CIV-R-79-187-ECR.**

United States District Court, D. Nevada.

Aug. 6, 1980.

---

**164.** *See* note 1, *supra.*

**165.** *See* notes 140 to 149 and accompanying text, *supra.*

Ronald C. Tilbe, in pro. per.

Allen Shamberger, Wait, Shamberger, Georgeson, McQuaid & Thompson, Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

In the present lawsuit, plaintiff Ronald Tilbe alleges that the Entitas Foundation, Inc., converted his personal property and money under color of state law and in violation of his constitutional rights. 42 U.S.C. § 1983. At the time mentioned in plaintiff's complaint, Entitas was an alcohol and drug abuse rehabilitation center. Tilbe entered the Entitas program on March 27, 1979, as a condition of his parole.

Apparently the Foundation and its participants customarily entered into a contract at the outset of a participant's stay. Entitas claimed that Tilbe breached his contract by leaving their program prematurely, and that therefore they were not acting irregularly when they applied Tilbe's funds, left in the Foundation's possession, to debts incurred for his room and board. Tilbe claims that room and board was not a part of the contract he entered into, and that his money was illegally converted. Neither party has provided the Court with the terms of the contract; however, the Court will not find them necessary for the resolution of the case.

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983. For an action to lie under 42 U.S.C. § 1983, a deprivation of right accomplished under color of state law must be plead and proved. 42 U.S.C. § 1983. *District of Columbia v. Carter*, 409 U.S. 418, 424, 93 S.Ct. 602, 606, 34 L.Ed.2d 613 (1973). Plaintiff Tilbe asserts that a "symbiotic relationship" exists between the State of Nevada and defendant, and cites *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961) for the proposition that such a relationship gives Entitas Foundation's actions color of state law. Tilbe, however, offers no affidavits asserting facts from which the Court may find a symbiotic relationship.

Defendant, on the other hand, has stated facts in affidavits produced for its motion for summary judgment, which if admitted, would establish that Entitas was not acting under color of state law.

The Court must accept defendant's facts as admitted; plaintiff fails to contradict them with facts stated in affidavits of his own. *Morrison v. Walker*, 404 F.2d 1046, 1048 (9th Cir. 1968). It is not enough that plaintiff denies these facts in his pleadings or points and authorities. For the purposes of opposing a summary judgment motion, the adverse party must set forth specific facts by affidavits or other evidentiary material, showing that there is a genuine issue of fact for trial. F.R.C.P. 56(e). *Scarboro v. Universal C.I.T. Corp.*, 364 F.2d 10, 15 (5th Cir. 1966).

In the uncontradicted supplemental affidavit of J. Wesley Brown, executive director of Entitas, it is asserted that the Foundation is a private, non-profit, Nevada corporation which provides residence and guidance to individuals with alcohol or drug abuse problems. Mr. Brown states that at the time of the alleged conversion, Entitas had no contract or agreement with the State of Nevada, or any of its agencies or subdivisions, relating to the activities of the Foundation. All rules, regulations and managerial decisions are made by the membership and corporate officers of the Foundation. And finally, at the times mentioned in plaintiff's complaint, Entitas received no governmental support, nor did it receive payment from any agency of the State of Nevada for accepting plaintiff into their program.

In the case plaintiff refers to for the symbiotic relationship theory, [*Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961)], the defendants operated a restaurant within a public building. The land and building were publicly owned. Supra page 723, 81 S.Ct. page 860. Upkeep and maintenance of the building were paid out of public funds. Supra page 724, 81 S.Ct. page 861. And finally, the restaurant was operated as an integral part of the public building. Supra page 724, 81 S.Ct. page 861. In the present case, it is not alleged that any of these elements are involved.

In another case decided on the theory of symbiotic relationship, no state action was found on the part of a private hospital which refused to perform sterilization for adult married women without their husband's consent. *Holton v. Crozer Chester Medical Center*, 419 F.Supp. 334 (E.D.Penn. 1976), vacated on other grounds 560 F.2d 575 (3rd Cir. 1976). There the hospital's budget was substantially dependent on state and county grants and its operation was subject to comprehensive regulation on the state level. Supra page 339.

There is additional support for defendant's position that an organization like Entitas may not be subjected to § 1983 suits in *Gray v. Project More, Inc.*, 469 F.Supp. 621 (Conn.1979). There the District Judge held, with respect to a corporation similar to Entitas, that neither affiliations with federal, state and local agencies, receipt of funds from the state pursuant to contract to provide services, nor tax-exempt status rendered the action of the corporation state action.

Nevertheless, plaintiff asserted at his hearing on the summary judgment motion that the state delegated its parole powers to the Entitas Foundation, thereby giving the Foundation's actions color of state law. Plaintiff offered no evidentiary support for this allegation, and NRS 213.1511(1), (2) seems to explicitly refute the possibility. The state statute requires that a state inquiry officer hold an inquiry before a parolee may be returned to the custody of the Nevada State Prison for violation of a condition of his parole. Therefore, although Entitas may report to the State that a parolee is violating a condition of his parole, they would not have the power to unilaterally revoke parole.

The Court believes that a condition of parole requiring a parolee to attend an alcohol and drug rehabilitation foundation will not necessarily give color of state law to the rehabilitation foundation's actions. The condition is between the parolee and the state, not the state and the foundation. The foundation is not required to accept the parolee into its program, and if it does so, it does so on its own terms, not those of the state.

Because plaintiff made no evidentiary presentations to the contrary, it must be assumed by the Court that a parole condition is the only possible connection between the state and the foundation. From the foregoing, the Court concludes that there was no action by defendant under color of state law as required by Section 1983. The complaint, therefore, fails to state a claim upon which relief can be granted and an entry of summary judgment in favor of defendants is proper.

IT IS, THEREFORE, HEREBY ORDERED that this action is dismissed.