Clarence Eugene WILSON, Appellant,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 6803.

United States Court of Appeals Tenth Circuit.

Oct. 11, 1961.

Michael A. Williams, Denver, Colo., for appellant.

Benjamin E. Franklin, Kansas City, Kan., for appellee.

Before MURRAH, Chief Judge, and LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying an application for a writ of habeas corpus.

Appellant pleaded guilty, pursuant to Rule 20, F.R.Crim.P. 18 U.S.C.A., in the United States District Court for the Northern District of California, Southern Division, to each of three counts charging him with unlawfully transporting a stolen 380 Hi-Standard Automatic Pistol; unlawfully transporting a stolen .22 caliber pistol; and having transported the above named weapons after having been convicted of a crime of violence and being a person under indictment and a fugitive from justice. All three counts arose from a single transportation from Missouri to Illinois.

The first two counts are violations of 15 U.S.C.A. § 902(g) and the third count is a violation of 15 U.S.C.A. § 902(e). Appellant received sentences of one year on each count, to run consecutively and thereafter, upon motion of the Appellant, the sentencing court ordered the sentences imposed on counts one and two to be served concurrently. By his habeas corpus action, Appellant seeks release from custody on the ground that the second year of the two year consecutive sentence now in effect was unauthorized because the violations occurred in a single transaction and therefore constituted but a single offense.

The simple question for decision is whether subsections (g) and (e) of Title 15 U.S.C.A. state separate and distinct crimes and are therefore capable of supporting consecutive sentences, even though committed during a single interstate transportation. See: Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405. The test to be applied is whether each provision requires proof of a fact which the other does not. See: Blockburger v. United States, supra.

In the instant case the offenses delineated by the two subsections have but a single common element, i. e., an act of

transportation in interstate commerce. The remaining material elements are dissimilar. Subsection (e) requires, in addition to the interstate transportation, proof that the person transporting the weapon has been previously convicted of a crime of violence or be a fugitive from justice. Subsection (g) requires, in addition to the interstate transportation, proof that the weapon being transported is stolen and that the person transporting it know or have reasonable cause to know of this fact. It is clear that each requires proof of a fact which the other does not.

The judgment should be affirmed.