UNITED STATES of America,
Plaintiff-Appellee,

v.

Floyd August DAVIS,
Defendant-Appellant.

No. 75–1805.

United States Court of Appeals,
Tenth Circuit.

Submitted Sept. 21, 1976.

Decided Nov. 4, 1976.

---

Nathan G. Graham, U. S. Atty. and Hubert H. Bryant, Asst. U. S. Atty., Tulsa, Okla., submitted on brief for plaintiff-appellee.

Daniel J. Sears, Federal Public Defender, Denver, Colo., submitted on brief for defendant-appellant.

Before LEWIS, Chief Judge and BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Defendant-appellant appeals from sentences imposed after guilty pleas entered to each count of a three-count indictment. We reverse and remand.

A national bank in Turley, Oklahoma, was robbed on February 18, 1975. Defendant Davis and two others were jointly charged in Count I with conspiracy to rob in violation of 18 U.S.C. § 371; in Count II with bank robbery in violation of 18 U.S.C. § 2113(a); and in Count III with bank robbery involving the use of dangerous weapons in violation of 18 U.S.C. § 2113(d). Defendant was represented by appointed counsel and voluntarily and understandingly pleaded guilty to each count. The sentences imposed were: Count I, 5 years; Count II, 20 years; Count III, 20 years. The sentence on Count I was to run consecutively to that under Count II. The sentence on Count II was to run concurrently with that imposed on Count III.

Section 2113(a) authorizes a maximum of 20 years and § 2113(d) a maximum

of 25 years. In *United States v. Von Roeder,* 10 Cir., 435 F.2d 1004, 1010–1011, cert. denied, 403 U.S. 934, 91 S.Ct. 2264, 29 L.Ed.2d 713, we held that concurrent sentences under § 2113(a) and § 2113(d) were improper. We did not discuss the problem of which sentence prevailed and remanded for resentencing.

In *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222, the defendants were found guilty in a jury trial of violations of §§ 2113(a), 2113(d), and also of 2113(c), possession of funds stolen in the robbery. The Court held that the conviction under § 2113(c) failed for lack of proof. Ibid. at 548, 96 S.Ct. 1023. The Court said that there was "a 'merger' of the convictions under ·§§ 2113(a) and (d)" citing *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370. *United States v. Gaddis,* 424 U.S. at 547–548, 96 S.Ct. at 1026. The Court left standing "single 25-year prison sentences for violating 18 U.S.C. § 2113(d)." Ibid. at 549 n.12, 96 S.Ct. at 1027.

The *Gaddis* decision does not solve our problem because the five-year sentence on the conspiracy count runs consecutively with that on the lesser offense count which has been merged with the greater offense. Technically, there is no beginning time for the conspiracy sentence because the court said that the Count I sentence "shall begin at the expiration of * * * the sentence imposed on Count Two" and we vacate the Count II sentence.

■ The commission of a substantive offense and a conspiracy to commit that offense are separate crimes. *United States v. Jackson,* 10 Cir., 482 F.2d 1167, 1176–1177, cert. denied 414 U.S. 1159, 94 S.Ct. 918, 39 L.Ed.2d 111. The rule applies in bank robbery cases. *Wright v. United States,* 7 Cir., 519 F.2d 13, 20, cert. denied, 423 U.S. 932, 96 S.Ct. 285, 46 L.Ed.2d 262.

■ The government contends that the intent of the trial court was to impose a sentence requiring a total of 25 years of imprisonment. We decline to conjecture what may have been the intent of the sentencing judge. See *United States v. Welty,* 3 Cir., 426 F.2d 615, 618. The *Gaddis* decision does not help the government. There a 25-year § 2113(d) sentence was upheld. Here we have only a 20-year § 2113(d) sentence. In the circumstances, the best procedure is to remand for resentencing on Count I, conspiracy, and Count III, violation of § 2113(d).

■ Defendant says that all the guilty pleas should be vacated because of noncompliance with the requirements of Rule 11(c)(1), F.R.Crim.P., that the court shall inform the defendant of "the maximum possible penalty provided by law." The court told the defendant that he could be sentenced to a total of 50 years, 5 on Count I, 20 on Count II, and 25 on Count III. This was wrong because sentences on Counts II and III may not be pyramided. The possible maximum was 30 years.

Defendant relies on *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418. In that case the government conceded that "the judge did not personally inquire whether the petitioner understood the nature of the charge." Ibid. at 464, 89 S.Ct. at 1170. In the instant case the judge through careful and repeated questioning made clear the nature of the charges and the consequences. The defendant, no stranger to courtrooms, said that he understood the charges and their consequences and entered his guilty pleas voluntarily. The court found that there was a factual basis for the guilty plea to each count. The only mistake which the judge made was in the statement of the possible maximum sentence.

In *Murray v. United States,* 10 Cir., 419 F.2d 1076, 1079–1080, another bank robbery case, the sentencing court told the defendant that consecutive terms could be imposed for violations of § 2113(b) and (d). We said that the statement of the possible maximum may have been wrong but, if it was, the error did not entitle the defendant to relief. The defendant here makes no claim that the misinformation on the possible maximum had any effect on his guilty pleas. See *United States v. Blair,* 5 Cir.,

470 F.2d 331, 340 n.20, cert. denied, 411 U.S. 908, 93 S.Ct. 1536, 36 L.Ed.2d 197. Defendant is not entitled to have those pleas vacated.

The pre-sentence report showed that defendant had six prior felony convictions. On the statement of defendant that he did not remember a burglary conviction, the judge said that he would disregard it. Defendant now says that another conviction should have been disregarded because he was a juvenile and not represented by counsel. At the time of sentencing, defendant did not object to the consideration of the · mentioned conviction. Because we are remanding for resentencing, there is no reason to consider defendant's claim at this time.

Reversed and remanded with directions to vacate the sentence on Count II and to resentence the defendant on Counts I and III.