**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Floyd August DAVIS,
Defendant-Appellant.**

**No. 77–1035.**

United States Court of Appeals,
Tenth Circuit.

Submitted Feb. 16, 1978.

Decided April 14, 1978.

Rehearing Denied May 5, 1978.

Certiorari Denied May 30, 1978.
See 98 S.Ct. 2829.

Daniel J. Sears, Federal Public Defender, Denver, Colo., for defendant-appellant.

Kenneth P. Snoke, Asst. U. S. Atty., Tulsa, Okl. (Nathan G. Graham, U. S. Atty.,

and Hubert H. Bryant, Asst. U. S. Atty., Tulsa, Okl., on brief), for plaintiff-appellee.

Before BARRETT, BREITENSTEIN and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Floyd August Davis (Davis) appeals his resentencing following the order of this court in *United States v. Davis,* 544 F.2d 1056 (10th Cir. 1976), wherein we remanded with instructions that the District Court vacate Count II and resentence Davis on Counts I and III.

Davis pleaded guilty to a three-count indictment arising out of a robbery of a federally insured bank. Count I charged conspiracy to commit robbery in violation of 18 U.S.C.A. § 371. Count II charged bank robbery in violation of 18 U.S.C.A. § 2113(a). Count III charged bank robbery involving the use of a dangerous weapon, in violation of 18 U.S.C.A. § 2113(d). Originally Davis received a five-year sentence on Count I, and concurrent sentences of 20 years each on Counts II and III, with the sentence on Count I to run consecutive to that entered on Count II.

On remand, the District Court resentenced Davis to five years on Count I and 20 years on Count III, with the sentence on Count I to run consecutive to that entered on Count III. No reference was made to Count II in the Court's judgment upon resentencing.

On appeal Davis contends that the trial court erred in: (1) failing to vacate Count II; (2) considering an "illegal" conviction with the resultant effect being the enhancement of his punishment; and (3) improperly increasing his sentence.

I.

■ Davis argues that Count II should have been vacated. We agree. It is, as we have often observed, improper for a trial court to render more than one sentence for convictions of charges contained under separate counts involving 18 U.S.C.A. § 2113(a) and (d). *See e. g., Davis, supra; United States v. Roeder,* 435 F.2d 1004 (1971), *cert.*

*denied,* 403 U.S. 934, 91 S.Ct. 2264, 29 L.Ed.2d 713 (1971). In *United States v. Davis, supra,* we said:

> . . . In *United States v. Von Roeder,* 10 Cir., 435 F.2d 1004, 1010–1011, *cert. denied,* 403 U.S. 934, 91 S.Ct. 2264, 29 L.Ed.2d 713, we held that concurrent sentences under § 2113(a) and § 2113(d) were improper. We did not discuss the problem of which sentence prevailed and remanded for resentencing.

In *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222, the defendants were found guilty in a jury trial of violations of §§ 2113(a), 2113(d), and also of 2113(c), possession of funds stolen in the robbery. The Court held that the conviction under § 2113(c) failed for lack of proof. Ibid. at 548, 96 S.Ct. 1023. The Court said that there was "a 'merger' of the convictions under §§ 2113(a) and (d)" citing *Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370. *United States v. Gaddis,* 424 U.S. at 547–548, 96 S.Ct. at 1026. The Court left standing "single 25-year prison sentences for violating 18 U.S.C. § 2113(d)." Ibid. at 549 n. 12, 96 S.Ct. at 1027.

The *Gaddis* decision does not solve our problem because the five-year sentence on the conspiracy count runs consecutively with that on the lesser offense count which has been merged with the greater offense. Technically, there is no beginning time for the conspiracy sentence because the Court said that the Count I sentence "shall begin at the expiration of * * * the sentence imposed on Count Two" and we vacate the Count II sentence. 544 F.2d, at 1058.

During the resentencing the trial court, whether through inadvertence or mistake, did not expressly vacate Count II. We believe that it is obvious that the trial court impliedly vacated Count II; however, Count II must be expressly vacated.

II.

■ Davis argues that in resentencing the trial court considered an "illegal" con-

viction, resulting in the enhancement of his punishment. Davis contends that a prior conviction was invalid in that he had not been properly represented by counsel and because he had been convicted under the Oklahoma Juvenile Act, which was later declared unconstitutional. Other than Davis' contentions, however, there is nothing in this record to substantiate his claim. At his resentencing Davis declared that he was going to do something about this "illegal" sentence. The trial court responded that this claim of impropriety had no effect on the sentence imposed upon Davis:

> Well, the Court will advise you, Mr. Davis, that irrespective of what action the court might take and irrespective—and I am speaking now about what they might take on any motions hereafter filed in relation to previous conditions, and even assuming that those convictions might be vacated upon such legal grounds as you may propose, the sentence of this Court would not be changed, nor the determination of the Court, as to what the appropriate and proper sentence as to the crimes to which you have entered pleas to this Court. It would not be changed at all. [R., Vol. II, at 13.]

The trial court reiterated the view that sentences he was handing to Davis were unrelated to previous convictions:

> The Court's sentence here is based upon the charge that you came before this Court and the sentence that the Court is going to impose is based upon that crime. [R., Vol. II, at 14.]

In view of the unsubstantiated nature of Davis' claim of the "illegality" of a prior conviction and the court's remarks concerning the basis for the sentence, we reject Davis' claim of enhancement based thereon. In any event, we note that a presentence investigation shall contain any prior criminal record and information concerning characteristics and circumstances affecting behavior and such other information the court may require. Fed.R.Crim.Proc., rule 32(a) 18 U.S.C.A.

### III.

Davis further contends that the sentences meted out at the resentencing proceedings were improper because the court increased his original sentence.

In a very obscure line of reasoning Davis asserts that in *Davis, supra,* we declared that he could be resentenced to not more than a total of twenty years:

> . . . the trial judge was obliged to resentence appellant to no more than a total of twenty (20) years, the maximum that is constitutionally allowable after Count II was ordered vacated. Counts I and II must be ordered to run concurrent to avoid increasing the sentence originally entered, as corrected by this Honorable Court. . . . [Davis' Brief, at p. 10.]

Davis augments his argument by asserting that inasmuch as Count I had originally been imposed to run consecutively with Count II, on remand the trial judge could not order Count I to run consecutively to Count III.

■ Davis' argument is not supported by any cited law or cogent authority. Nowhere in *Davis, supra* was there the suggestion that the conspiracy and robbery sentences must be imposed so as to run concurrently. In truth, we there specifically recognized that the commission of robbery and conspiracy to commit robbery are separate crimes, and that, accordingly, one can be sentenced on each charge. *Davis, supra,* at 1057. The crux of *Davis* is simply that the same criminal act or transaction there committed *did not* justify charging Davis with the two distinct bank robbery offenses, in that one of the offenses charged was obviously a lesser-included offense.

■ Davis relies on two decisions which he contends to be dispositive of the issue. We view his reliance as misplaced.

*Schultz v. United States,* 384 F.2d 374 (5th Cir. 1967), involved a District Court's order that the sentence imposed run consecutively to one earlier imposed upon the defendant in another proceeding. Schultz had been sentenced and imprisoned on charges of interstate transportation of

forged checks. He was later released on bond, pending appeal, after serving part of the sentence. While so released Schultz was convicted of violation of the identical statute in Florida. He elected not to serve the Florida sentence, pending appeal; however, he later withdrew his election. At that time, the Florida District Court entered an order to the effect that Schultz was to begin serving his prior District of Columbia sentence and that upon completion thereof he was to commence serving the Florida sentence. This procedure was held to be an improper increase of Schultz's sentence, in that at the time of sentencing in Florida there had been no mention or reference as to whether the two sentences should be served concurrently or consecutively. The Circuit Court held that, lacking express reference, there is the presumption that the sentences will be served concurrently. *Schultz, supra,* has no application to the instant case on the facts.

Equally inapposite is *Borum v. U. S.,* 133 U.S.App.D.C. 147, 409 F.2d 433 (1967), *cert. denied,* 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230 (1969), also relied upon by Davis. Borum was convicted of six counts and sentenced on each. At the time of sentencing, he was serving out sentences imposed for two other convictions. The trial court did not state whether the six sentences imposed were to run concurrently with or consecutively to the two sentences Borum was then serving. Five days after sentencing, the trial court recalled Borum and announced that the later sentences were to run consecutively to the two sentences Borum was then serving. On appeal, the "consecutive" sentences were held to be an unconstitutional increase in the original sentences. The appellate decision was controlled by the presumption that concurrent sentences, rather than consecutive sentences, will exist in the absence of express language directing otherwise. In view of the fact that Borum was serving two sentences when the six sentences were imposed, the court found this to be an enhancement of his sentences after he commenced service.

Neither *Schultz, supra,* nor *Borum, supra,* apply. We hold that in the case at bar the court did not increase Davis' sentence. At resentencing, the District Court expressly provided that Count I was to run consecutive to Count III. Such resentencing did not increase Davis' term; it merely corrected the prior sentence so as to conform with the mandate of this court.

In *Davis, supra,* we remanded for resentencing because we refused to speculate concerning the intent of the trial judge:

> We decline to conjecture what may have been the intent of the sentencing judge . . . . In the circumstances, the best procedure is to remand for resentencing on Count I, conspiracy, and Count III, violation of § 2113(d). 544 F.2d, at 1058.

█ It is fundamental that where a defendant is charged with separate and distinct crimes, it is proper to impose consecutive sentences even though they were committed during a single operation. *Wilson v. Taylor,* 295 F.2d 527 (10th Cir. 1961). This court has held that separate consecutive sentences may be imposed upon convictions of the crimes of transportation of women in interstate commerce for prostitution and conspiracy to transport the same women in interstate commerce for the purpose of prostitution. *Carmack v. United States,* 296 F.2d 893 (10th Cir. 1961). Our criminal justice system certainly does not envision that a person found guilty of two like or similar offenses shall be entitled to the same penalty. The system has always recognized that a sentencing judge has considerable discretion and leeway in determining, from the totality of the circumstances, the extent of the individual punishment to be meted out for each offense committed. *Andrus v. Turner,* 421 F.2d 290 (10th Cir. 1970).

█ We believe that the intent of the District Court upon resentencing of Davis is clear. The court originally intended to impose a total penalty of sentencing service upon Davis equaling 25 years. In order to accomplish this goal, the court, upon resentencing, imposed two sentences on Davis, to run consecutively. The ultimate result was

that Davis received a 25-year sentence based on two counts which was identical to that handed down prior to remand based on three counts. We hold that the trial court acted well within the power and authority conferred upon it and within the framework of our remand instruction. The sentences do not, of course, exceed the maximums permitted by law as prescribed under the applicable statutes. When a sentence is imposed within statutory limits, it is not *generally* or *ordinarily* subject to appellate review. *See: United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) (where the sentencing court relied upon and gave explicit attention to two previous convictions which were constitutionally invalid); *United States v. Kuck,* 573 F.2d 25 (10th Cir. 1978) (rejecting a contention that the imposition of a special parole term is cruel and unusual punishment under the Eighth Amendment); and *Andrus v. Turner, supra,* (rejecting a contention that the court's imposition of varying sentences for the same offense constitutes denial of equal protection of the law). Similar reviews have resulted when a trial court fails to afford individual treatment, imposes a sentence mechanically, or refuses to consider all of the mitigating circumstances. Thus, we have held that absent a showing of illegality or abuse of discretion, a sentence will not be disturbed on appeal. *United States v. MacClain,* 501 F.2d 1006 (10th Cir. 1974). In the instant case, it cannot be seriously contended that the sentences imposed upon Davis at the resentencing proceeding in anywise involved any of the defects above referred to, nor can it be seriously contended that the sentences exceeded the statutory limits permissible under the charges laid in Counts I and II. We cannot interfere with sentences so imposed. We are not disposed to employ a fiction so as to achieve a result we may believe more appropriate.

We affirm the resentencing judgment of the trial court. The cause is remanded, however, with instruction that the sentence originally entered on Count II be expressly vacated.