**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**JULIO PARRILLA, Defendant**

Criminal No. 78/142

District Court of the Virgin Islands

Div. of St. Croix

July 15, 1980

DOUGLAS SCHWARTZ, ESQ., Assistant United States Attorney (Office of the United States Attorney), Christiansted, St. Croix, V.I., *for plaintiff*

MICHAEL JOSEPH, ESQ., Assistant Federal Public Defender (Office of the Federal Public Defender), Christiansted, St. Croix, V.I., *for defendant*

JULIO PARRILLA, Kingshill, St. Croix, V.I., *pro se*

CHRISTIAN, *Chief Judge*

## MEMORANDUM OPINION WITH ORDER ATTACHED

Defendant, Julio Parrilla, has filed a motion to set aside his sentence pursuant to 28 U.S.C. § 2255. He has also filed a petition for a writ of habeas corpus pursuant to 5 V.I.C. § 1301 et seq. Because the motion and petition raise similar issues they will be dealt with together. Both the motion and the petition will be denied.

On September 27, 1978, defendant Parrilla, in company with a codefendant, entered a small grocery store located at Estate Mon Bijou, St. Croix. Defendant Parrilla was armed with a shotgun. In the process of robbing persons inside the store defendant Parrilla shot and killed the store's owner, Mr. Santiago Camacho, age seventy-four.

Defendant Parrilla pleaded guilty to an amended information charging:

Count I—Second Degree Murder
Count II—Conspiracy to Commit Robbery
Count III—Attempted First Degree Robbery
Count IV—Unauthorized Possession of a Firearm During the Commission of a Crime of Violence
Counts V, VI & VII—First Degree Assault

He was sentenced to 30 years on Count I, 5 years on Count II, 10 years on Count III, 5 years on Count IV and 15 years on Counts V, VI and VII. The sentences imposed in Counts I through IV were made to run consecutively. The sentences in Counts V through VII were made to run concurrently with one another and consecutive to those imposed in Counts I through IV. The aggregate sentence thus imposed was 65 years.

On motion of defendant made pursuant to Fed. R. Crim. P. 35, the sentences in Counts V through VII were made to run concurrently with those imposed in Counts I through IV for an aggregate sentence of 50 years. Defendant now attacks this sentence on several grounds.

■ Defendant first alleges that at the time of his guilty plea he was informed that the sentences which would be imposed for his various offenses would run concurrently rather than consecutively. However, an examination of the transcript of his guilty plea reveals that he was informed of the maximum and minimum sentences which could be imposed for the various crimes to which he admitted guilty. Moreover, he was specifically advised of the fact that he faced a possible aggregate sentence of seventy years even if the minimum sentence of five years was imposed for his murder conviction.

■ Defendant next argues that the judgment of commitment, as written, provides for a minimum period of incarceration of twelve and one half years whereas 5 V.I.C. § 4601 provides that he should be eligible for parole in ten years. Defendant minunderstands the effect of the commitment order. The order in question provides that two and one half years of the fifty-year aggregate sentence must be served without parole or any other form of release. This is in accordance with 12 V.I.C. § 2254 which provides for minimum two and one half years of incarceration for defendant's conviction on

Count IV. This does not extend the date of defendant's parole eligibility beyond the ten-year period provided in 5 V.I.C. § 4601.

Defendant also contends that the sentence was imposed in violation of due process and equal protection. Because defendant does not advance any factual basis or legal theory for this argument it will be disregarded as mere surplusage.

■ Defendant next contends that his sentence is excessive and in violation of the eighth amendment prohibition against cruel or unusual punishment. It need only be noted that defendant admitted to having committed acts which constituted the crime of murder in the first degree. Had the Court and the United States Attorney not shown leniency in allowing defendant to plead guilty to a lesser offense, he would have received a mandatory sentence of life without parole.

■ ■ Defendant's last argument is that all of the sentences imposed must be made to run concurrently because all offenses occurred during a single criminal episode. For this proposition defendant refers to some unspecified "Model Statutes and Standards" which are not part of the law of this jurisdiction. The correct rule is that consecutive sentences may be imposed for distinct crimes even though the crimes were committed in a single episode. United States v. Davis, 573 F.2d 1177, 1181 (10th Cir. 1978), cert. denied, 436 U.S. 930 (1978). Because all of the offenses for which defendant received consecutive sentences were distinct crimes, his sentence was proper.

## ORDER

For the reasons set forth in the memorandum opinion of even date, it is hereby

ORDERED:

That defendant Julio Parrilla's motion to set aside his sentence and petition for a writ of habeas corpus be, and are hereby. DENIED.