951 F.2d 1261
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice GRAHAM, Defendant-Appellant.
 No. 90-5229.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.2. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant was convicted and served a sentence for wire fraud. Upon release from prison, he was placed on probation. He promptly sought relief from the condition of his probation that he not leave the jurisdiction. That request was denied. Almost immediately after denial of the request, the defendant nonetheless left the jurisdiction and engaged in fraudulent activities during his extra-jurisdictional travels. The trial court revoked his probation and sentenced him to three consecutive two-year terms (less than the trial court could have sentenced him to on the facts of the case).
 
 
 3
 This seventy-four-year-old defendant appeals on the sole ground that it was an abuse of discretion for the trial court to sentence him to more years than his table-based life expectancy. This pre-sentencing guideline-sentence may be reviewed only for an abuse of discretion. A sentence within the statutory limits generally is not reviewable. United States v. Davis, 573 F.2d 1177, 1182 (10th Cir.), cert. denied, 436 U.S. 930 (1978). While it is relevant that the effect of this sentence for fraud may in fact turn out to be a life sentence, it is not determinative. Under the circumstances of this case, we cannot say that the trial court abused its discretion. United States v. O'Driscoll, 761 F.2d 589 (10th Cir.1985), cert. denied, 475 U.S. 1020 (1986). The reasons stated by the trial court at sentencing establish that the trial court fully weighed the relevant factors and, in the judgment of this court, demonstrate that the trial court did not abuse its discretion in entering the sentence in this case. The trial court said:
 
 
 4
 Because of your age, I tried to use the probation means--I sentenced you on Count 6 hoping that that would be sufficient to catch your attention and let you then serve probation. As Ms. Morgan points out, and it's true, you had no sooner been released than you were right back doing the same thing again.
 
 
 5
 We've had any number of hearings. The court is now convinced that--I was just mistaken the first time. I should have sentenced you to prison on all six counts because you simply cannot be trusted, and it's clear that you can't be trusted. The only plea that your counsel makes, and he even says himself in here he wasn't so sure that you were mentally competent. Well, you are. We've had you examined, and we can only go by the information that was given.
 
 
 6
 For whatever reason, you have clearly violated the orders of the probation. You've committed acts of criminal conduct. You've violated the law.
 
 
 7
 Record, vol. 6, at 7-8.
 
 
 8
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3