33 F.3d 63
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard E. GILMORE, Defendant-Appellant.
 No. 93-6397.
 United States Court of Appeals, Tenth Circuit.
 Aug. 25, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Defendant Richard Gilmore, appearing pro se, appeals the district court's denial of his "Petition for Modification of Sentence." The district court denied the motion holding that it had no authority to modify Defendant's sentence. We agree, but remand to the district court to enter an order dismissing Defendant's case for lack of jurisdiction.
 
 
 2
 On April 6, 1993, Defendant pleaded guilty to one count of using a telephone to facilitate the distribution and acquisition of methamphetamine, 21 U.S.C. 843(b). On June 2, 1993, the district court sentenced Defendant in accordance with the sentencing guidelines to forty-six months imprisonment. Defendant did not appeal his federal sentence.
 
 
 3
 In September 1993, Defendant filed the present petition seeking a reduction in his federal sentence, or, alternatively, modification of his federal sentence to run concurrently with his state sentence. Construing Defendant's petition as a motion under Fed.R.Crim.P. 35, or, in the alternative, under 18 U.S.C. 3582, the district court denied the motion on October 14, 1993 and this appeal followed.[3]
 
 
 4
 Under Fed.R.Crim.P. 35, the district court has the power to correct or reduce a criminal sentence in three specific situations. Subsection (a) gives the district court authority to correct a sentence upon remand from the court of appeals. Under subsection (b), the district court has the authority to reduce a sentence in certain circumstances on motion of the government. Finally, under subsection (c), the district court may correct a sentence within seven days after sentence has been imposed for arithmetical, technical, or other clerical errors.
 
 
 5
 In the instant case, we agree with the district court that Defendant's petition, on its face, fails to set forth any ground for relief under Rule 35. Subsection (a) is inapplicable because Defendant failed to timely appeal his sentence, and by their terms, neither subsections (b) or (c) apply. As a result, the district court properly held that it was without authority to correct or reduce Defendant's sentence pursuant to Rule 35.
 
 
 6
 In addition, Defendant's request for a modification of his sentence is not within the district court's authority under 18 U.S.C. 3582(c). Section 3582(c) provides for modification of an imposed term of imprisonment if: (1) the Director of the Bureau of Prisons files a motion citing extraordinary and compelling reasons to reduce a defendant's sentence; (2) modification is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; or (3) a defendant has been sentenced under a sentencing guideline range that has been subsequently lowered by the sentencing commission. None of these circumstances are present in this case. Thus, the district court properly held that it was without authority to modify Defendant's federal sentence under 3582.
 
 
 7
 Because no statute or rule gave the district court authority to correct or modify Defendant's federal sentence, the court should have dismissed the case for lack of jurisdiction. We therefore REMAND to the district court with instructions to DISMISS for lack of jurisdiction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Both parties waived oral argument. The case is therefore submitted on the briefs
 
 
 [3]
 On appeal, Defendant raises two new issues: (1) he was denied due process by being denied the right to serve his federal and state sentences concurrently; and (2) the district court should have considered the applicability of U.S.S.G. 5G1.3(b) with respect to his request for concurrent sentencing. Because Defendant raises these arguments for the first time on appeal, we do not consider them. See United States v. Mendoza-Lopez, 7 F.3d 1483, 1485 n. 2 (10th Cir.1993), cert. denied, 114 S.Ct. 1552 (1994)