Jerome Glen BROWN, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 94–7029.

United States Court of Appeals, Tenth Circuit.

Sept. 8, 1994.

Jerome Glen Brown, pro se.

John Raley, U.S. Atty., and Paul G. Hess, Asst. U.S. Atty., Muskogee, OK, for respondent-appellee.

Before MOORE, ANDERSON and KELLY, Circuit Judges.*

PAUL KELLY, Jr., Circuit Judge.

Mr. Brown, appearing pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion. The district court adopted the magistrate's recommendation that the relief which Mr. Brown seeks is procedurally barred. On appeal, the government concedes error and has waived the procedural bar defense. Our jurisdiction arises under

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the deter-

mination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

28 U.S.C. § 1291, and we reverse the judgment of the district court with instructions.

■ Mr. Brown was convicted of: (1) entering an FDIC insured bank with intent to commit bank robbery, 18 U.S.C. § 2113(a), and (2) committing a bank robbery by means of force, violence and intimidation by use of a dangerous weapon, 18 U.S.C. § 2113(a) & (d). He received a sentence of five years on count 1, and twenty years on count 2, to run consecutively. The government contends that the counts should have merged for sentencing because the convictions were based upon a single criminal episode. Aplee.Br. at 8. *See United States v. Gaddis,* 424 U.S. 544, 547, 96 S.Ct. 1023, 1025–26, 47 L.Ed.2d 222 (1976) (citing *Prince v. United States,* 352 U.S. 322, 329, 77 S.Ct. 403, 407, 1 L.Ed.2d 370 (1957)). We agree. In accordance with our precedent, the sentence on count 1 should be vacated, and Mr. Brown should be resentenced on count 2. *See United States v. Davis,* 573 F.2d 1177, 1179 (10th Cir.), *cert. denied,* 436 U.S. 930, 98 S.Ct. 2829, 56 L.Ed.2d 775 (1978); *United States v. Davis,* 544 F.2d 1056, 1058 (10th Cir.1976); *United States v. Von Roeder,* 435 F.2d 1004, 1010 (10th Cir.1970), *cert. denied,* 403 U.S. 934, 91 S.Ct. 2264, 29 L.Ed.2d 713 (1971); *Purdom v. United States,* 249 F.2d 822, 826–27 (10th Cir.1957), *cert. denied,* 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed.2d 273 (1958) (under *Prince,* merger pertains to sentences, not offenses).

■ Mr. Brown appealed his conviction, but the merger issue was not raised. *See United States v. Brown,* No. 88–1769, unpub. order and judgment (10th Cir. Nov. 2, 1989). Section 2255 is available to correct errors of constitutional or jurisdictional dimension, or fundamental errors which result in a complete miscarriage of justice. *See United States v. Timmreck,* 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087–88, 60 L.Ed.2d 634 (1979); *Kelly v. United States,* 29 F.3d 1107, 1111–12 (7th Cir.1994). The failure to raise an error on appeal, however, may result in procedural default unless the defendant can show cause excusing the default and prejudice resulting from the alleged error, or can show that a fundamental miscarriage of justice would result if the error is not addressed. *United States v. Warner,* 23 F.3d 287, 291 (10th Cir.1994). Of course, given the more limited

scope of § 2255, the cause and prejudice test does not apply to nonconstitutional or nonjurisdictional error which could have been raised on direct appeal. *Anderson v. United States,* 25 F.3d 704, 705–06 (8th Cir.1994). Relief for that type of error is not available under § 2255. *Id. See also United States v. Addonizio,* 442 U.S. 178, 185–87, 99 S.Ct. 2235, 2240–42, 60 L.Ed.2d 805 (1979).

■ We read Mr. Brown's motion as raising significant double jeopardy concerns and therefore cognizable under § 2255. *See United States v. Long,* 787 F.2d 538 (10th Cir.1986); *Grimes v. United States,* 607 F.2d 6, 11 (2d Cir.1979). The government responded to the motion solely by raising procedural bar. The magistrate judge correctly noted that a § 2255 motion is not a substitute for appeal, and then determined that Mr. Brown's challenge was procedurally barred because he had failed to allege cause. *See United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982); *United States v. Cook,* 997 F.2d 1312, 1320 (10th Cir.1993).

■ We agree with the government on appeal that Mr. Brown's mention of ineffective assistance of counsel in his petition is unclear. The government maintains that "[u]nder the specific facts of the case the denial of relief to petitioner for his procedural default would serve no just purpose," because given additional time Mr. Brown could show cause (ineffective assistance of counsel) and prejudice regarding this issue. Aplee. Br. at 8. Given this concession, and recognizing that procedural default does not deprive us of jurisdiction, *see Hardiman v. Reynolds,* 971 F.2d 500, 503 (10th Cir.1992), we reach the merits and agree with the government that Mr. Brown should be resentenced. In so doing, we do not modify the principle that if the government properly raises and pursues a procedural bar defense, it is entitled to a ruling on that defense. *See United States v. Allen,* 16 F.3d 377, 378 (10th Cir.1994). The district court's order denying relief is

REVERSED.