57 F.3d 1080
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barry L. GILMORE and Richard Gilmore, Petitioners-Appellants,
v.
UNITED STATES of America, Respondent--Appellee.
 Nos. 95-6019, 95-6020.
D.C. Nos. CIV-94-1786-W
CIV 94-1767-W
 United States Court of Appeals, Tenth Circuit.
 June 8, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 These are separate cases appealing an order denying relief under 28 U.S.C. 2255. We join the cases in this order and judgment for expedience in disposition because they essentially present the same issues.
 
 
 3
 Richard and Barry Gilmore entered pleas of guilty to the offense of using a telephone to facilitate a conspiracy to distribute methamphetamine. Based upon a determination by the probation department that the defendants were responsible for 144 grams of methamphetamine and an adjustment for acceptance of responsibility, their imprisonment range was set at 46 to 57 months. A sentence of 46 months was imposed on both.
 
 
 4
 Richard Gilmore petitioned the district court for a modification of sentence which was denied. His appeal to this court was dismissed for lack of jurisdiction. United States v. Gilmore, No. 93-6397, 33 F.3d 63 (10th Cir., Aug. 25, 1994) (unpublished). Barry Gilmore did not appeal his sentence.
 
 
 5
 Subsequently, both defendants filed the present 2255 motion contending their sentences were improperly calculated because the wrong form of methamphetamine was used in determining the guideline sentence. The motions were denied on the ground the issue should have been raised upon direct appeal, but was not. Defendants appeal that ruling.
 
 
 6
 We have repeatedly held 2255 is not a substitute for an appeal and non-constitutional issues which could have been raised on direct appeal but were not are foreclosed to collateral review. See Brown v. United States, 34 F.3d 990, 991 (10th Cir.1994). The rule also applies to those who did not appeal their original conviction. Id. A defendant can avoid this rule only upon a showing of cause excusing the default and prejudice resulting from the error, or by showing a fundamental miscarriage of justice would result if the error is not addressed. Id.
 
 
 7
 In this case, the district court found neither defendant had demonstrated cause and prejudice or fundamental miscarriage of justice. We agree. See McCleskey v. Zant, 499 U.S. 467, 493 (1991) ("cause" requires a showing of an external factor that impeded effort to comply with rule), and United States v. Richards, 5 F.3d 1369, 1371 (10th Cir.1993) ("fundamental miscarriage of justice" requires a showing of factual innocence of the offense). Here defendants have shown nothing which inhibited either from filing a direct appeal in which the issue could have been raised. Moreover, neither claims innocence of the crime of using the telephone to further a conspiracy, but only argues the government did not prove, at sentencing, which form of methamphetamine was involved in the offense. Finally, despite the defendants' conclusory labeling of the issue as one of constitutional magnitude, the claim does not rise to that level. Consequently, the district court correctly denied relief.
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470