77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel Mendoza TORRES, Defendant-Appellant.
 No. 95-2123.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1996.
 
 Before BRORBY, EBEL, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Pro se appellant Manuel Mendoza Torres appeals the denial of his 28 U.S.C. 2255 motion to vacate, set aside, or correct his sentence. Mr. Torres contends: (1) that his sentence for conspiracy to commit robbery is prohibited by his robbery conviction under double jeopardy principles; (2) that he received ineffective assistance of counsel at sentencing and on direct appeal; (3) that the district court erroneously concluded that he was procedurally barred from raising his ineffectiveness claim; and (4) that the district court erred in considering the government's argument that it was prejudiced by a thirteen-year delay in filing for relief. Mr. Torres's motion to file a reply brief is granted.
 
 
 2
 Because we find no merit in Mr. Torres's double jeopardy argument, his claim that his counsel was ineffective for not raising the double jeopardy argument also fails. Further, though the district court's conclusion that Mr. Torres was procedurally barred from raising his ineffective assistance of counsel claim is incorrect after United States v. Galloway, 56 F.3d 1239, 1241 (10th Cir.1995), the court also considered the merits of that claim and properly decided upon an ample record that the performance of Mr. Torres's counsel was not ineffective. Finally, as the court did not consider the government's argument of prejudicial delay, Mr. Torres's final argument fails. Thus, we affirm the decision of the district court.
 
 I. BACKGROUND
 
 3
 In 1980 Mr. Torres and three others were convicted by a jury of conspiracy to rob a federally-insured bank and of robbing the bank. We affirmed that conviction in United States v. Torres, 663 F.2d 1019 (1981), cert. denied, 456 U.S. 973 (1982).
 
 
 4
 Mr. Torres filed this 2255 motion alleging that the consecutive sentences imposed by the district court placed him in double jeopardy and that his counsel was ineffective for not raising this argument. The magistrate judge who heard the matter concluded that Mr. Torres's double jeopardy claim was without merit and that his attorneys therefore acted reasonably when they failed to object to the imposition of consecutive sentences, meaning they provided effective assistance of counsel. The district court adopted the proposed findings of the magistrate after reviewing Mr. Torres's objections. This timely appeal, for which we have jurisdiction, see 28 U.S.C. 1291, followed.
 
 II. DISCUSSION
 
 5
 Mr. Torres first argues that his sentences for conspiracy to rob and for robbery are cumulative and in violation of the Fifth Amendment's prohibition against double jeopardy. We review the district court's legal conclusions de novo and its factual findings for clear error.
 
 
 6
 Mr. Torres claims that under Blockburger v. United States, 284 U.S. 299 (1932), and United States v. Felix, 503 U.S. 806 (1992), these crimes have the same elements and are in effect a single course of criminal conduct yielding but a single offense. See Ashe v. Swenson, 397 U.S. 436, 445 n. 10 (1970). However, as the applicable federal statutes indicate, "[T]he commission of robbery and conspiracy to commit robbery are separate crimes, and ... accordingly, one can be sentenced on each charge." United States v. Davis, 573 F.2d 1177, 1180 (10th Cir.), cert. denied, 436 U.S. 930 (1978). Under 18 U.S.C. 2113(a) and (d), the crime of robbing a federally-insured bank while armed with a dangerous weapon requires using a dangerous weapon to take or attempt to take by force, violence, or intimidation anything of value in the control of a requisite financial institution or to enter or attempt to enter such an institution with the intent to commit a felony affecting that institution. The conspiracy statute, 18 U.S.C. 371, has a different element, requiring that "two or more persons conspire ... to commit any offense against the United States." Thus, the crimes of conspiracy to rob and robbery are clearly separate and distinct and are not subject to the lesser-included offense analysis discussed in Blockburger, 284 U.S. at 304. "It is fundamental that where a defendant is charged with separate and distinct crimes, it is proper to impose consecutive sentences even though they were committed during a single operation." Davis, 573 F.2d at 1181.
 
 
 7
 Mr. Torres suggests that facts presented at trial failed to establish the agreement to commit a criminal act necessary to a conspiracy conviction. He urges, "There was no evidence of any pre-robbery planning.... On the contrary, the evidence indicated that four people were involved in a spontaneous act of bank robbery...." Aplt's Br. at 6-7. Mr. Torres's argument that this robbery was an almost irresistable impulse that fell into place with no planning is incredulous and is belied by overwhelming evidence. The facts relate that four people worked together and that two cars were coordinated to accomplish the robbery, one for arrival and one for departure. The money was hidden in one of the cars immediately after the robbery implying planning in the selection of this car for the robbery. Mr. Torres claims in his reply brief that this car, determined by the police to be stolen, is actually his. Even if this were true, it would not weaken the jury's conclusion that a conspiracy to rob was agreed to and carried out. Because Mr. Torres was sentenced for two distinct crimes, conspiracy to rob and robbery, the district court correctly dismissed Mr. Torres's double jeopardy claim.
 
 
 8
 As Mr. Torres is incorrect in arguing that his convictions violate the Double Jeopardy Clause, we need not consider his argument that his counsel were ineffective for failing to raise his double jeopardy argument. As the magistrate found, his attorneys acted reasonably and were not ineffective. The merits of his claim were reviewed and properly found unavailing to him. The district court properly held that his counsel's assistance was effective because the issue he wanted counsel to raise was meritless.
 
 
 9
 Finally, Mr. Torres's claim that the court improperly considered the government's argument concerning prejudicial delay is frivolous. The government had argued that the thirteen-year delay between Mr. Torres's direct appeal and the initiation of his collateral proceeding prejudiced the government. The magistrate clearly expressed that he did not consider this argument by the government: "Because of the nature of my findings I see no need to discuss the Government's unreasonable delay argument." Rec., Vol. I, Doc. 15 at 3. Neither do we.
 
 
 10
 The dismissal with prejudice by the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of Tenth Circuit Rule 36.3